at all, oral argument, not to exceed 15 minutes per side. Mr. Cohen for the appellate. Good morning. May it please the Court? I'm Stephen G. Cohen, appearing for the appellate's Richard Bayh-Harris. I'm here to speak on the case of Richard Bayh-Harr and Estate of Albert Chicorel. I would like to reserve three minutes for rebuttal. The District Court originally held that the plain limitations language of 26 U.S.C. 6502A did not provide that a timely proceeding in one court would toll the statute with respect to a later separate proceeding in another court. Subsequently, the District Court held that it did. In this case, the appellants and the appellee assert that the District Court erred. Bayh-Harr believes that the District Court was correct in its interpretation of the statutory language, but incorrect in applying tolling. The IRS believes that the District Court was incorrect in its interpretation of the statutory language and that resort to equitable tolling was unnecessary. The IRS has chosen not to apply the five-part test of Zipone v. U.S. to determine whether the limitation statute was even amenable to tolling or to apply the five-part test of Zipone v. U.S. Counsel, can I ask you? So I'm inclined to think there's a lot to what you're saying about the plain language of 6502A, particularly the reference to the proceeding. That seems really powerful. I'm disinclined to think that given how highly reticulated the code is, that we, courts get to make up equitable tolling exceptions on top of that. There are already specific tolling provisions. It seems very strange to let courts add more. But I'm still puzzled by the fact that no one seems to have embraced your position. I mean, you know, why this, everything I'm saying is right. It seems it's consistent with your position. But then I read their brief, and I see all these cases that are doing the opposite, and that gives me a lot of pause. So what is going on? No one figured this out? Or I just don't get it? I don't understand either, but here's my understanding of the case law. As to equitable tolling, I don't believe that any of the case law supports equitable tolling. The other side has chosen not to, to cite any IRS cases or any specific cases where equitable tolling has been applied. I think they've abandoned supporting the district court's decision on that basis, and they have not directly controverted those issues. So I don't believe that the case law does support equitable tolling. I would agree with you, however, Judge, that there is considerable discussion in the case law that there's a possibility that a proceeding in one court could operate the toll of proceeding in a separate court. But here's the distinction that appears in the case law. Almost all of the case law cited by the IRS involves a foreclosure or other collection action after a judgment has been obtained. Some of those judgments were obtained in probate court. So the statute does not address or limit the ability of the IRS to enforce a judgment that's been timely obtained. The IRS can file enforcement actions in any proper jurisdiction to go after property or other assets once the judgment has been obtained. The end result of that seems to be, by the effects of this case, that they did file their claim in probate. Now, you claim that that proof of claim should have been disallowed because of the statute of limitations. I want you to assume you don't win on that because the IRS doesn't follow state statute of limitations relative to proof of claims. For whatever reason, which we don't know, nothing seems to have happened in the probate court. We don't know why that is. So there isn't a judgment. So I get your point there. But then because it's still a case law, you would have had to start a second proceeding before the 10-year period ran. Yes, Your Honor. Either start a proceeding somewhere. What's the point of that? Maybe your answer is, well, that's what the statute says. Well, that's one answer. But the more compelling answer, I think, for this panel is that the claim was not a proceeding in probate court under Michigan probate law, which hasn't really been examined very... I'll add that to my question to make it a hypothetical. That makes it a hard question to answer. So if it was a proceeding, then even though that proceeding had not been reduced to judgment, does it make sense to read the statute in such a way that you have to commence a second proceeding or lose your right to do that? No, it does not make sense in my reading, or in the district court's reading. So if it doesn't make sense, then we have to focus in on whether the proof of claim in probate was a proceeding within the language of the IRS code. I think that the appellant should succeed whether it was a proceeding or not. If it was a proceeding, then the district court held, and I believe correctly, that a proceeding in one court does not toll the limitations period as to a proceeding in a different court. However, we've argued strongly that this was not a proceeding. Under Michigan probate law, which was not examined in any level of detail in the district court or by the district judge, a creditor can make a claim in one of two ways. It can either bring notice of the claim to the personal representative, or it can file a proceeding, an actual action in probate court. There was no action filed in probate court. There was notice given under Michigan statutes, which are cited in the principal brief and in the reply brief. The manner of giving notice, there are two options. One is to provide the notice directly to the personal representative, or to file the notice in court. The IRS chose to file the notice in court. That does not start a proceeding. Does it make any difference whether Michigan law provides that filing a proof of claim is a proceeding in court? It most certainly does, and the IRS agrees with this, and the district court agrees with this. Michigan law says, for purposes of a statute of limitations, the proper presentation of a claim under Section 3804 is equivalent to commencement of a proceeding on the claim. I would have thought that meant, assuming Michigan law is relevant to the statute of limitations, that the claim would be filed in court. But it's not relevant to this question that a proof of claim is a proceeding. Why am I wrong in that? Your Honor, whether a claim is a proceeding depends on the nature and function of the claim under the host state's law. That is clear, and everyone that's briefed it agrees on that. The narrow statute that you're reading, there's a little bit of a tension here. At times, the IRS claims, and I'm being told, that Michigan law doesn't control, and that statutes of limitation don't control the IRS, because the federal supremacy is not bound by those. And then we're also saying, but look, Michigan law says that for statute of limitations purposes, a claim is the same as a proceeding. I don't think the appellee can have it both ways. The statute that you're referring to is not a broad statement that a claim is equivalent to a proceeding. It's more narrow. It says, for purposes of Michigan statutes of limitation, a claim is similar, is equivalent to a proceeding. So if we're going to apply Michigan law as dispositive, let's apply Michigan law. But if federal law is going to be supreme, then we're not going to find that Michigan law is dispositive. And here's the key thing that the district court... If we want to ignore for a second the inconsistencies here, which is always appropriate to look at, the cases as I understand it also say that a proof of claim isn't a proceeding where it only serves as providing notice to the administrator of the state. Now, in Michigan, filing a proof of claim, I thought, did considerably more than simply provide notice to the administrator. It does nothing other than provide notice. Okay. What more in probate court does the IRS have to do beyond filing the proof of claim in order to recover? Correct. If the proof of claim is either rejected by the personal representative or is untimely or otherwise defective, then it's incumbent on the creditor to file an actual proof of claim. That's a judicial proceeding within 60 days in the probate court. That never happened. There was no proceeding filed. There was no petition filed on the claim. There were no proceedings whatsoever. There were no hearings. I doubt, in my experience, that the court ever knew of the existence of the claim. That claim was placed into the file by the clerk. There were no judicial proceedings conducted on it. By the way, is this all an explanation as to why 6503B, do you know what I'm referring to when I say that? Is this, do you know what I'm referring to? Yeah. Are you referring to the exceptions? Yeah, exactly. 6503B is, so this is the point of access of taxpayer and control of custody of court, that. So that doesn't apply because it also requires a proceeding? Not exactly, Your Honor. It does have the language proceeding in it. It does, but here's my understanding of the application of that. And by the way, the IRS agrees, I believe, with my interpretation, because they didn't cite that. The reason they didn't cite that exception is because the assets here were not under the control of the probate court. In Michigan, we have supervised probate and unsupervised probate. I thought they cited this for purposes of a remand. I thought their position was if we lose on the other stuff, we want this sent back to get relief under this. Of course. That tells you a lot about their position. Why didn't they use it originally? They're using it now. I mean, I don't know what that means.  The answer is, and the IRS regs explicitly state this, the regulations say that in unsupervised probate proceedings, the assets are not under the control of the court for purposes of this exception. That's in the regs, and there's no doubt. So I get that, but I'm just curious, do you also say, because it also refers to proceedings, is that another reason this doesn't apply? Do you realize what I'm saying? It says, are in the control or custody of the court in any proceeding before any court? So does proceeding, is that also not a proceeding under your interpretation? It could be or it could not be. It depends on whether proceedings were conducted. Would it be a proceeding under Michigan probate law if the administrator hadn't rejected the claim? No. It would not be a proceeding because... Just a proof of claim, a raw proof of claim is never a proceeding in your experience? It is not a proof of claim at all. Did the administrator actually reject the claim as opposed to just ignoring it because he considered it untimely? He ignored it because he considered it untimely, and under Michigan probate law he is not obligated to make that rejection. So it stood rejected and it was incumbent upon... Why does it stand rejected as opposed to standing unrejected if the administrator does nothing in response to the filing of the proof of claim? Because under Michigan law the proof of claim is not a proof of claim if it is untimely filed. And that's a matter of Michigan probate law, which has not been fully fleshed out, unfortunately. Would they have used the levy approach here? Is there another way? Because when you read the briefs you're thinking, oh my gosh, there's a lot of problems that develop if we enforce this statute of limitation as written. Are there other ways they could have done this and protected themselves? I would hate to give them strategic advice, but they intentionally did not file... Not advice that they can't use against your client anymore? Hopefully. They could have filed a levy, but they chose not to. There's a specific exception in the statute, as the panel knows, for a levy. They chose not to. In fact, the original complaint had a separate count-to for a lien, and they dismissed that as well. I don't know why, but the only claim left in the complaint was for reducing the claim to judgment. And unfortunately, it is clearly barred by the generous 10-year statute of limitations. Thank you. Good morning, Your Honors. I'm Richard Calderoni on behalf of the United States. As Judge Shutton said, every court to interpret Section 6502A of the Internal Revenue Code has held that under that statute, if the government brings one proceeding to collect a tax in court within 10 years of the time the tax was assessed, the government may then bring other proceedings even outside that 10-year period. Have any of those courts, or at least how many of them, have come to grips with the a-the dichotomy? None of them have specifically discussed the a-the dichotomy, Your Honor. All right, so this is just proof of how bad the law is, and it's time for this panel to straighten things out. No, Your Honor. And in fact, that language has been the same since at least 1954. And this Court said in Soto, and even the Ninth Circuit case, the Schroeder case, on which the estate seeks to rely, suggests that the... How are people missing what's seen? I mean, it just seems so obvious to me. A proceeding, and then it says only if the levy is made in, or the proceeding begun. What am I missing? It just seems so clear to me. A couple things about that. One is, even, let's assume for the sake of argument that the is intentional, it's meaningful, it means a specific singular proceeding, not what's ending Soto, Schroeder, and the other cases. The result then is either that the government can't bring more than one collection proceeding, or that the statute is satisfied after one single singular proceeding. Both of those interpretations are available, even if the switch from a to the is meaningful. You can read the statute... How about levy as an option? Isn't that the safety valve on that? Levies and liens can be the safety valve, but if you read this to allow the government either only to bring one collection suit, or to bring any number of collection suits, but only within 10 years of assessment, liens and levies become much less useful. Here's why. The flush language of section 6502A makes clear that levies extend, are valid and enforceable, more than 10 years after assessment. In fact, if the government commences any proceeding in court under that flush language, it can continue to make levies more than 10 years after assessment. That's really good for you. That's good for us, and section 6322 makes the same point with respect to liens. But if we have enforceable liens, and liens and levies more than 10 years after assessment, on the estate's reading, section 6502A, we could not bring a proceeding to foreclose on the lien, we could not bring a proceeding to enforce the levy because... I think I'm with you, although I'm not 100% sure, but why isn't that become a new proceeding? In other words, when you go down the levy route, then levies, liens, whatever, but then that starts a new proceeding and that starts the 10-year clock. Isn't that the way to reconcile all this? No, Your Honor. I think as we read the statute, it says, A, proceeding in court within 10 years of assessment. So the clock always starts at assessment. And on the estate's view, we only get one proceeding within 10 years of assessment, be that a proceeding, you know, a suit to enforce the judgment, a suit to foreclose on a tax lien, a suit to enforce a levy, a claim in probate court, or something else. But just help me, I don't know this as well as you do, when you go down the levy lien route... Yes, Your Honor. I think what you were saying is that has a big stop sign, because then what do you do if you can't enforce it? The only answer is a proceeding? Is that the point you were about to make? Reducing to judgment leads to a proceeding, and you're saying they won't allow that because there's only one proceeding. Is that where we are right now? Yes, Your Honor. So why isn't the answer to that, which still respects A, you can still have new proceedings? I mean, and a proceeding, isn't it possible to have a proceeding growing out of a levy lien approach? Certainly, Your Honor, it is. But you would have to do it within 10 years under the estate's argument. Even if you had levied or assessed, because that's not a proceeding, it's only reducing it to judgment that's a proceeding. That's your concern? Our concern is that there are administrative proceedings, and then there are proceedings in court. We can impose levies and tax liens automatically attached as the date of assessment, and there are administrative proceedings to enforce both of those. But in some cases, the IRS needs to come into court either to foreclose on a tax lien under Section 7403, or to enforce both of those. Or to enforce a levy under Section 6332D. Those are proceedings in court to collect tax. Those fall within the language of 6502A. Every court to look at this has assumed they fall within the language of 6502A. And so on the estate's argument, those types of proceedings could only be brought within 10 years of assessment. And that's even though, under the language of 6502A and 6322, we indisputably have valid, theoretically enforceable liens and levies more than 10 years from assessment. Go ahead. Judge McGee, were you going to say something? Again, I'm just so ignorant on so many parts of this. It's still valuable to you to have these liens, right? That means people can't dispose of the property without coming to grips with the government's ownership in it. Theoretically, yes, Your Honor. No, that's not just theoretical. That's a pretty big point. People want property free and clean. So, I mean, why isn't that another way of thinking about this? You can't start a new judicial proceeding to enforce the lien, but the lien is still a pretty darn useful device for making sure people don't dispose of the property without coming to grips with the government's ownership in it. It could be, Your Honor, but there's no way, if we get to a point where we need to bring a court proceeding to collect, to actually collect the tax. It will just hang out there indefinitely. Your whole job is to collect money for the government. Does a lien, in and of itself, give you money? No, the lien doesn't give us money. Forcing the lien gives us money, Your Honor. One other point about the flush language in Section 6502A, Your Honor. It says that the commencement of a timely proceeding in court extends the time for making levies until the tax becomes unenforceable. Now, the time for making levies under 6502A1 itself is generally 10 years from assessment. So if we read 6502A1 to say that no matter what the government does, the tax becomes unenforceable by a proceeding in court 10 years after assessment, the flush language doesn't extend anything. It's extending the time for making levies from 10 years after assessment until 10 years after assessment. And that can't be what Congress meant. We would have to construe the statute in the way that the estate wants to say every proceeding you bring has to be within 10 years, except proceedings to collect on levies or assessments. We'd have to read that into the statute. Yes, I think to harmonize it with the language of 65, with the flush language, you would have to read into the statute, except for proceedings to enforce levies. So your argument is that what some may think is clear about the language of the statute then puts that statute, that statutory provision, in conflict with other statutory provisions. Yes, Your Honor, exactly. And could you very succinctly tell me what flush means? I just don't get that. Sorry, Your Honor. It refers to language in a statutory section that is not part of any of the enumerated statutory subsections. I believe it comes from the fact that the language is flush to the margin. And that helps the definition? That helps the understanding, you think? When you look at the Internal Revenue Code, we need guideposts to get us through the statutory language, Your Honor. That's a distraction. Forget that. That's a distraction. The principle purpose of those suits is precisely to extend the statute of limitations for collections. So that we can do everything we could do up to 10 years from assessment under 6502A further in the future. The suit to reduce the assessment of judgment, as far as I understand it, doesn't give the IRS any new collection methods, any new authority. It just extends the period for using its existing authority. Well, 10 years is a long time, though. It is a long time, Your Honor, but it's undeniably the case. And if you look at the discussion of these suits in the Internal Revenue Manual, you'll see that there are cases in which taxpayers come into assets, start making more money close to the 10-year period, or the IRS believes that the taxpayer will have additional assets more than 10 years from assessment. And it's in those cases that the IRS typically files a suit to reduce assessment to judgment, so that it can finish collecting the tax more than 10 years after the assessment. And I would note, Your Honor, that the uniform judicial interpretation of section 6502A is very similar to the interpretation of the criminal statute of limitations, which has much more severe consequences for defendants. So long as the government brings an indictment within the five-year period in the relevant statute, superseding indictments related to the same crimes relate back to the original indictment and can be brought outside that period. By the same token here, so long as the government brings a suit to collect tax within 10 years of assessment, puts the taxpayer on notice that the government is going to be using everything it can to collect this tax, then it can bring further collection actions outside that period. What's your response to today's argument, I know it's already in the briefs, as to why you didn't bring any proceeding within 10 years, because filing a proof of claim is not a proceeding? Your Honor, it's along the lines of what you suggested. The courts who have addressed this issue have found that a proof of claim filed in probate court is a proceeding in court for purposes of section 6502A, if one of two factors is present. One is that state law treats a proof of claim as equivalent or similar to a proceeding for purposes of a statute of limitation. And as you said, Judge McKee, Michigan law expressly does that. The other is that a proof of claim is a proceeding in court if it is a step in or toward ultimate litigation and ultimate resolution of the claim in a court. And that's also true under Michigan law, because if a claim is properly presented, it is either constructively allowed, as it was here because the personal representative didn't respond to it, or it's disallowed, in which case the creditor can then go commence a formal proceeding in court. Now what you just said is the exact opposite of what your fellow counsel says. You say it's constructively admitted because he didn't object to it. He says that it's presumptively not admitted, whether the administrator did something or not. Yes, Your Honor, and it's expressly, constructively admitted under Michigan law. It's section 700.3803 or 3804, I forget which one, off the top of my head of Michigan law, and it's cited in our brief, that it's constructively admitted unless it's expressly disallowed. So if the claim here was constructively admitted, why did then nothing seemingly ever happen after you filed your proof of claim? Your Honor, I have to go outside the record to answer that question. My understanding is that the probate proceeding has been held up by disputes among members of Mr. Chickorell's family in which the government is not involved. Is there anything anybody has cited in this case that you needed to do after filing your proof of claim and then basically not hearing back? No, Your Honor, because our proof of claim has been filed. It's constructively allowed. When the estate is distributed, the United States should be able to collect its claim. Now, I assume there's something you could have done. You could have gone to the probate court and said, hey, what's going on? We've been waiting here for years. We want our money. There must be some mechanism to have done that. I presume there is, Your Honor. I don't know if there is or not. If there is, and we flip probably briefly to the equitable tolling argument, if you assume for a second that is available, then does the fact that you didn't do anything that you could have done in the probate proceeding then go to whether you exercised diligence in order to be able to take advantage of equitable tolling? It might, Your Honor, but Mr. Cohen is correct that we are not advancing an equitable tolling argument on appeal. All right, so we can take equitable tolling even though it's briefed right off the table here. Yes, Your Honor, and we did not brief equitable tolling. Do you win or lose on the statutory construction? Yes, Your Honor. All right. So you've given lots of really good reasons why you should win. What would you – if you had to write the opinion, what would you do with the A-the dichotomy? Would you say Scrivener's error? Or maybe you know some grammar principle that I don't know that I'm getting wrong here. How would we – because you acknowledge no one has come to grips with that language, so we're now forced to come to grips with that language. What do we say? Your Honor, I would say one of two things. One is that this is only a switch in articles, and a switch in articles cannot be dispositive of the meaning of a statute.  The other alternate argument would be that the is meaningful, it's singular, it's specific, and therefore the statute of limitations requires the United States only to file one single collection proceeding within ten years. And if that happens, then as the Fifth Circuit said in Moyer v. Mathis, the statute of limitations is satisfied. As the Seventh Circuit said in Edelson, it stops running. As the Ninth Circuit said in Silverman, it's no longer a bar. So the A-D dichotomy in that analysis becomes completely unimportant. Yes, Your Honor. Yes, I believe so. But that's inconsistent with some of your other arguments, isn't it, that you can use other proceedings? No, Your Honor. I think the argument is that assuming that the statute is speaking only of one proceeding, then once we file one proceeding, the statute is satisfied, it's out of play, and we can file other proceedings. It's sufficient. Yes. Even though the flush language says it's only the time for levy that shall be extended. Yes, Your Honor, but there's nothing about the plain language and the flush language that speaks to the effect of one proceeding on other proceedings. The district court's concern here therefore has to come from the exclusio unius canon, and Mr. Cohen didn't brief this, but that canon doesn't apply here for two reasons. One is that the background principle of law here is that statutes of limitation that run against the government are strictly construed in the government's favor. That's not meaningful to me. Keep going. The other, Your Honor, is that we know from the legislative history exactly why Congress added this language. That's worse. Okay. The legislative history clears it all up, does it? It does, Your Honor, because Congress was expressly, when it enacted this flush language, it did so only so that liens and levies were treated the same way. It said nothing about proceedings in court, just as the statutory language says nothing about proceedings in court. There is nothing in that flush language that says, you know, what happens when we bring one proceeding in court within ten years. Okay. If there are no further questions, thank you very much, Your Honor. Mr. Cohen, you have three minutes. The flush language would be completely unnecessary under the government's interpretation. It was put in there specifically to create an exception to the ten-year statute, and it does indicate that Congress understood what it was saying, that it was talking about a proceeding that had to be brought within ten years. Nothing in our argument ties the IRS's hands in any way or is unfair to them. The IRS can file as many proceedings as they want to reduce a claim to judgment within the ten years. I don't know why they would want to file more than one, but they could have filed ten actions within the ten-year statute of limitations. There's no limitation on that. In addition to that. Why would we want to read a statute to essentially then require these multiple proceedings that not only take up IRS resources, but they take up ours as well? Now, I mean, a response is, well, that's what the statute says. I get that. But why is that intuitively correct? It's just a statute of limitations. It doesn't require that. It's a statute of limitations that's trying to say, and I think saying in a clear way, if you bring a proceeding, you must bring it within ten years. That's all it says. The IRS is stretching that to say if we bring a proceeding in one court, it tolls the action, it renders the ten-year statute of limitation completely irrelevant, and we can file as many proceedings as we want in other courts. The important thing to recognize is almost all of the cases cited by the IRS involve collection after entry of a judgment. That's a key point because the ten-year statute of limitations doesn't affect collection after a judgment's been entered. So we're not tying the IRS's hands. They can file as many actions 20, 30 years later to collect on assets as long as they've obtained a judgment on a petition or claim filed within the ten years. There are only three cases cited by the IRS that are close to being on point. Two of those cases, U.S. v. Sachse and U.S. v. I'm sorry, both cases, both of the published cases, found that a mere unadjudicated claim in probate court was not a proceeding in court and went against the IRS in those two cases. The only case that went the IRS's way was the unpublished Warner case, which I believe is an outlier, and Warner did not involve Michigan's statutory scheme. The proper reason... While I have you, I just want to ask, I'm sure I'm misunderstanding something, but it would be helpful if you could tell me what I'm missing. So I'm looking at the flesh language. So if a timely proceeding court for the collection is commenced, so that means within the ten-year period, right, and it's referring to proceeding, the proceeding, the period during which such tax may be collected by levy shall be extended. So just so I'm getting what's going on, that means after ten years, you could use a levy approach to collect from the proceeding, the judgment, whatever. So far so good? Yes. Okay. And then levies allow for liens, right? So one option I already exploited with the IRS is, well, what's the big deal? You have liens. People have to deal with those. But could you... I take it you would say you couldn't file a new judgment action on that lien? That's correct. Because that's a proceeding. And that would just circumvent everything. And they missed the deadline by six months. All right. So you can't start the whole thing over with a new proceeding. That was what I was trying to figure out, but you just don't think that works? That's why this is not an exercise in futility. That's why this is an exercise that I believe will be dispositive. We would ask for reversal because the specific basis for the decision was tolling. And everyone before this panel agrees that tolling was an incorrect decision by the district court. Just one other thing. Are there other levy lien things they could... I mean, so I was trying to explore with the government what else they could do to try to deal with what seems some oddities about your interpretation. Are there other features of the levy lien approach that fix things for other taxpayers and make this look less odd? Not to my knowledge, Your Honor, but there are 10 years available for the IRS to do its work. Could I follow up just to make sure I understand, too? So in other words, you can levy or assess regardless of the 10 years under the FLUSH language, but you can't reduce that to judgment after the 10-year period regardless of whether you've commenced any other proceeding or not. That is correct. So it just seems, again, to be inconsistent with this idea that there's not a statute of limitations or it's longer on levies and assessments. What's the point of allowing you to do that except to just have this restriction on the property hanging out there if you can't reduce it to judgment? Another, maybe, I'm trying to figure out my own question. It's a good question. What is the answer? I can't resolve it to my own satisfaction, let alone yours. What I can do is I can resort to the clear language of the statute and I can look at what the district court did. The district court did not undertake an examination of Michigan law. It did not undertake an interpretation of the statute except to the extent it said that it agreed with the appellant. And that's the only record that we have. So the only proper thing that I would suggest is if the court is not inclined to reject the argument that the appellant has made here, then remand is appropriate for finding a fact, for proceedings to understand Michigan law and the specific facts here. The point of remand is to address the question of whether there was a proceeding? That's partially yes. That has not been determined. But you say it doesn't matter because even if there was a proceeding, it had to be reduced to judgment. We know that didn't happen. So what would we be asking them to do by way of fact finding? The proceeding does not have to be reduced to judgment within the 10 years, but the proceeding has to be started within the 10 years, and then reduced to judgment eventually. Here there was never a proceeding started. Why is that a factual question for purposes of the district judge to examine more fully? It's factual and legal. The district court is required by the case law to examine the nature and function of a claim in the probate court, and specifically of an unadjudicated claim. That would be a fact question. I mean, that would be a question. It would also depend on the timing. You want us to ask them to do the examination that you claim they didn't do? If that's this court's decision, that that's a question that's extant, yes. This court should not make that decision for the district court with all due respect. Thank you very much. Thank you both for your argument. We'll consider the case carefully. Thank you. And I believe we may adjourn court with that.